FOR THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICIA MARTIN | : | |
| | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | NO. |
| vs. | : | |
| | : | JURY TRIAL DEMANDED |
| CLIFTON WHITE | : | |
| Defendant | : | |

## COMPLAINT

AND NOW COMES Plaintiff, Patricia Martin, by and through her undersigned counsel Barley Snyder LLP and hereby files this Complaint against Defendant Clifton White, and in support thereof avers as follows:

## NATURE OF THE ACTION

1.      This is an action regarding the fraudulent misrepresentation of goods which affect interstate commerce, namely collectible firearms.

2.      Specifically, Defendant has misrepresented the authenticity and/or value of more than twenty firearms.

3.      Accordingly, Patricia Martin now brings this action against Clifton White for intentional misrepresentation, breach of contract, breach of warranty, and violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

9827855.1

## PARTIES & JURISDICTION

4.      Plaintiff is Patricia Martin ("Plaintiff" or "Mrs. Martin), an adult individual with a residence of 4658 Little Cove Road, Mercersburg, PA 17236.

5.      Plaintiff was married to the late Donald Martin ("Mr. Martin").

6.      Defendant is Clifton White ("White" or "Defendant") an adult individual with a last known residence of 215 Mountain Ridge Drive, Dahlonega, GA 30533.

7.      Jurisdiction is proper in this Court as it satisfies both original jurisdiction and diversity jurisdiction.

8.      Venue is proper with this Court as the Martins resided in Pennsylvania during the transactions with Defendant and Defendant visited the Martins in Pennsylvania to sell and/or deliver the firearms to them.

## FACTUAL BACKGROUND

9.      Mr. Martin enjoyed purchasing firearms as a hobby.

10.     Based on his love for guns, he decided he would begin purchasing collectible guns for he and his wife that could be used as retirement funds and could be sold in the event they needed extra support.

11.     The guns were purchased from the marital assets of Mr. and Mrs. Martin.

9827855.1

12.    Defendant is a collector of L.C. Smith Shotguns. Attached is a true and correct copy of Defendant's business card attached hereto as Exhibit A.

13.    White holds himself out in the field as an expert in the same. Attached is true and correct copies of relevant materials attached hereto as Exhibit B.

14.    White sold Mr. Martin several guns, including the following:

    a.  Dumoulin Herstal, Serial No. 11181, Price Paid: $37,500.00

    b.  Ferlach 16 Gauge/270/22 Hornet, Serial No. 3239-61, Price Paid: $19,500.00

    c.  Ferlach Drilling 12 Gauge 30-06, Serial No. 211975, Price Paid: $30,000.00

    d.  Ferlach Drilling 12 Gauge 30-06, Serial No. 211976, Price Paid $30,000.00

    e.  Ferlach Franz Sodia 12 Gauge, Serial No. 19608/1783.74, Price Paid: $57,500.00

    f.  J. Just 30-40 Krag Double Drilling 20 Gauge, Serial No. 1862.33, Price Paid: $14,500.00

    g.  J.P. Sauer Pigeon Grade 12 Gauge, Serial No. 391989, Price Paid: $33,000.00

    h.  J.P. Sauer Drill 16 Gauge, Serial No. 64059, Price Paid: $6,500.00

9827855.1

i.  L.C. Smith .410 Gauge Skeet Special, Serial No. 8796, Price Paid: $23,500.00

j.  L.C. Smith .410 Gauge Ideal, Serial No. FW98054, Price Paid: $28,000.00

k.  L.C. Smith .410 Gauge Specialty, Serial No. FWE92940, Price Paid: $34,500.00

l.  L.C. Smith .410 Gauge Double Crown Grade, Serial No. 8751, Price Paid: $55,000.00

m.  L.C. Smith 12 Gauge 32" Barrel, Serial No. 211446, Price Paid: $6,800.00

n.  L.C. Smith 12 Gauge Crown Grade, Serial No. 130210, Price Paid: $7,000.00

o.  L.C. Smith 12 Gauge Crown Grade, Serial No. FEW 92702, Price Paid: $14,500.00

p.  L.C. Smith 12 Gauge Monogram, Serial No. 219977, Price Paid: $14,500.00

q.  L.C. Smith 12 Gauge A-3, Serial No. 203952, Price Paid: $76,500.00

r.  L.C. Smith 12 Gauge A2 Grade, Serial No. 2510, Price Paid: $28,500.00

9827855.1

s.  L.C. Smith 12 Gauge Beavertail Forearm, Serial No. RE98699, Price Paid: $13,500.00

t.  L.C. Smith 16 Gauge Crown Grade, Serial No. 204878, Price Paid $29,500.00.

u.  L.C. Smith 12 Gauge Deluxe Grade, Serial No. 202811, Price Paid: $95,000.00

v.  Parker 12 Gauge Invincible, Serial No. 200001, Price Paid: $65,000.00

w.  R. Jenkinson 28 Gauge Double High-Grade English, Serial No. 716, Price Paid: $9,500.00

x.  Ruger 280 Caliber, Serial No. 133-27224, Price Paid: $7,000.00

y.  Winchester 20 Gauge, Model 21 No. 6 Engraving, Serial No. 26876, Price Paid: $29,500.00

15.  Mr. Martin kept detailed notes regarding what White represented to him as the authenticity and condition of the firearms sold by White. A true and correct copy of Mr. Martin's notes regarding the relevant guns are attached hereto as Exhibit C.

16.  Mr. Martin's purchase of the firearms from Defendant were based on Defendant's representations and assurances that the firearms were authentic, meaning they were not fake or misrepresented as to their value.

5

17.  The firearms were priced consistent with being authentic.

18.  When later attempting to sell the firearms, it was discovered that the above-mentioned firearms purchased from Defendant were in fact fake and/or misrepresented as to the value.

19.  Specifically, the guns were sold for and incurred a loss of the following based on the reason described:

a.  Dumoulin Herstal, Serial No. 11181, Price Sold: $12,500.00

i.  Total Loss: $25,000

ii.  Value Misrepresented

b.  Ferlach 16 Gauge/270/22 Hornet, Serial No. 3239-61, Price Sold: $10,500.00

iii.  Total Loss: $9,000

iv.  Value Misrepresented

c.  Ferlach Drilling 12 Gauge 30-06, Serial No. 211975, Price Sold: $7,400.00

v.  Total Loss: $22,600

vi.  Value Misrepresented

d.  Ferlach Drilling 12 Gauge 30-06, Serial No. 211976, Price Sold: $8,800

9827855.1

  vii. Total Loss: $21,200

  viii. Value Misrepresented

e. Ferlach Franz Sodia 12 Gauge, Serial No. 19608/1783.74, Price Sold: $17,800

  ix. Total Loss: $36,700

  x. Value Misrepresented

f. J. Just 30-40 Krag Double Drilling 20 Gauge, Serial No. 1862.33, Price Sold: $9,000

  xi. Total Loss: $5,500

  xii. Value Misrepresented

g. J.P. Sauer Pigeon Grade 12 Gauge, Serial No. 391989, Price Sold: $6,800

  xiii. Total Loss: $43,200

  xiv. Value Misrepresented

h. J.P. Sauer Drill 16 Gauge, Serial No. 64059, Price Sold: $3,600

  xv. Total Loss: $2,900

  xvi. Value Misrepresented

i. L.C. Smith .410 Gauge Skeet Special, Serial No. 8796, Price Sold: $6,200

      xvii.  Total Loss: $17,300

     xviii.  Fake

j.  L.C. Smith .410 Gauge Ideal, Serial No. FW98054, Price Sold: $14,500

      xix.  Total Loss: $13,500

      xx.  Value Misrepresented

k.  L.C. Smith .410 Gauge Specialty, Serial No. FWE92940, Price Sold: $13,500

      xxi.  Total Loss: $21,000

     xxii.  Value Misrepresented

l.  L.C. Smith .410 Gauge Double Crown Grade, Serial No. 8751, Not sold

    xxiii.  Total Loss: $55,000

    xxiv.  Fake

m. L.C. Smith 12 Gauge 32" Barrel, Serial No. 211446, Price Sold: $2,800

     xxv.  Total Loss: $4,000

    xxvi.  Value Misrepresented

9827855.1

n.  L.C. Smith 12 Gauge Crown Grade, Serial No. 130210, Price Sold: $2,600

    xxvii.  Total Loss: $4,400

    xxviii.  Value Misrepresented

o.  L.C. Smith 12 Gauge Crown Grade, Serial No. FEW 92702, Price Sold: $5,700

    xxix.  Total Loss: $8,800

    xxx.  Value Misrepresented

p.  L.C. Smith 12 Gauge Monogram, Serial No. 219977, Price Sold: $12,500

    xxxi.  Total Loss: $14,000

    xxxii.  Value Misrepresented

q.  L.C. Smith 12 Gauge A-3, Serial No. 203953, Price Sold: $38,000

    xxxiii.  Total Loss: $38,500

    xxxiv.  Value Misrepresented

r.  L.C. Smith 12 Gauge A2 Grade, Serial No. 2510, Price Sold: $4,600

    xxxv.  Total Loss: $23,900

    xxxvi.  Fake

s.  L.C. Smith 12 Gauge Beavertail Forearm, Serial No. RE98699, Price Sold: $3,100

   xxxvii.  Total Loss: $10,400

  xxxviii.  Value Misrepresented

t.  L.C. Smith 16 Gauge Crown Grade, Serial No. 204878, Price Sold: $12,000

   xxxix.  Total Loss: $17,500

      xl.  Value Misrepresented

u.  L.C. Smith 12 Gauge Deluxe Grade, Serial No. 202811, Price Sold: $15,000

      xli.  Total Loss: $80,000

     xlii.  Fake

v.  Parker 12 Gauge Invincible, Serial No. 200001, Price Sold: $13,000

    xliii.  Total Loss: $52,000

     xliv.  Value Misrepresented

w.  R. Jenkinson 28 Gauge Double High-Grade English, Serial No. 716, Price Sold: $4,800

      xlv.  Total Loss: $4,700

     xlvi.  Value Misrepresented

9827855.1

    x.  Ruger 280 Caliber, Serial No. 133-27224, Price Sold: $6,800

      xlvii.  Total Loss: $200

     xlviii.  Value Misrepresented

    y.  Winchester 20 Gauge, Model 21 No. 6 Engraving, Serial No. 26876, Price Sold: $7,400

      xlix.  Total Loss: $22,100

        l.  Fake

20.   This resulted in a total loss of over $500,000.00 due to the false representations made by Defendant regarding the firearms. A true and correct copy of a spreadsheet detailing the above information is attached hereto as Exhibit D.

## COUNT I – BREACH OF ORAL CONTRACT

21.   Plaintiffs incorporate by reference all of the foregoing paragraphs as though set forth at length herein.

22.   Pursuant to the implied conduct of the parties, the Martins agreed to buy and White agreed to sell authentic, non-replica firearms as they were specifically represented by White.

23.   White represented these firearms to be authentic and of a certain value, which formed the basis of the contract.

24. During each separate contract, White would represent the firearm to be of a specific brand, style, authenticity, condition, and/or value, and request a certain sum of money. The Martins would then agree to purchase the firearm, based on the description from White, and provide White the specific amount of money.

25. White breached twenty-five separate contracts with the Martins by selling him a firearm which was of a different brand, style, authenticity, condition, and/or value than that agreed upon.

26. As a result, the Martins sustained damages in excess of $500,000.00.

WHEREFORE, Plaintiff Patricia Martin, respectfully requests that this Honorable Court enter judgment in an amount to be determined at trial, plus punitive damages, attorney's fees, costs of suit, interest, and any other relief this Court deems appropriate.

## COUNT II – FRAUDULENT MISREPRESENTATION

27. Plaintiffs incorporate by reference all of the foregoing paragraphs as though set forth at length herein.

28. Upon information and belief, the representations made by White to the Martins that the firearms the Martins were purchasing were authentic and of a particular value as further detailed herein were knowingly false when made.

9827855.1

29. Further, as an L.C. Smith Gun Collector, and someone who holds himself out as an expert in the field, he should have known the representations being made were false.

30. The representations as the authenticity and value of the guns purchased by the Martins from White were material to the transaction, as the Martins would not have purchased them, either for the same amount of money or at all, knowing they were fake or not of the valued represented.

31. The representations as to value and authenticity were made by White with the intention of misleading the Martins into relying on them and purchasing the guns at a higher value than they are actually worth, thereby creating a large profit margin for White.

32. The Martins did in fact justifiably rely on these statements to his detriment as he believed White, who held himself out as an expert, that his representations as to the authenticity and value of the guns was correct.

33. White's conduct was willful and wonton and warrants the imposition of punitive damages.

WHEREFORE, Plaintiff Patricia Martin, respectfully requests that this Honorable Court enter judgment in an amount to be determined at trial, plus punitive damages,

9827855.1

attorney's fees, costs of suit, interest, and any other relief this Court deems appropriate.

## COUNT III – VIOLATIONS OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW ("UTPCPL"), 73 P.S. § 201 et seq.

34.    Plaintiffs incorporate by reference all of the foregoing paragraphs as though set forth at length herein.

35.    Pursuant to Pennsylvania's UTPCPL, it is unlaw to:

(ii) cause likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods;

(v) represent that goods have sponsorship, approval or characteristics that they do not have;

(vi) represent that goods are original or new if they are deteriorated, altered, reconditioned, used, or secondhand;

(vii) represent that goods are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are that of another;

(ix) advertise goods with an intent to not sell them as advertised;

(xxi) engage in any other fraudulent or deceptive conduct which creates a likelihood of confusion or misunderstanding.

9827855.1

36.    White caused a likelihood of confusion or misunderstanding as to the source and/or sponsorship of the firearms in which he stated were authentic but were in fact fake.

37.    White represented that the firearms had a specific sponsorship, approval, or characteristic they did not have when he stated the firearms were authentic, but were fake.

38.    White represented that the firearms were authentic when they were not.

39.    White's representations were intentionally false and deceptive and created a belief by the Martins with respect to the purchase of the firearms.

40.    But for White's fraudulent and deceptive conduct, the Martins either would not have purchased the firearms or would not have purchased them at the same price.

41.    Under the UTPCPL, Plaintiff is entitled to treble damages, attorney's fees, and costs of suit.

WHEREFORE, Plaintiff Patricia Martin, respectfully requests that this Honorable Court enter judgment in an amount to be determined at trial, plus treble damages, attorney's fees, costs of suit, interest, and any other relief this Court deems appropriate.

9827855.1

## COUNT IV – BREACH OF IMPLIED WARRANTY OF FITNESS

42.    Plaintiffs incorporate by reference all of the foregoing paragraphs as though set forth at length herein.

43.    When purchasing the firearms, the Martins made clear that they were purchasing the product based on it being authentic and not a replica and were purchasing it for the purpose of a collection item that could be resold for the same or higher price later.

44.    The Martins made clear that the only reason for purchasing the firearms were for their authenticity, to add them to their collection, and to hold the value to re-sell later if necessary.

45.    Defendant was aware of and appreciated the Martins' desire for authentic, non-replica firearms.

46.    Defendant failed to deliver an authentic firearm.

WHEREFORE, Plaintiff Patricia Martin, respectfully requests that this Honorable Court enter judgment in an amount to be determined at trial, plus costs of suit, interest, and any other relief this Court deems appropriate.

## COUNT V – BREACH OF IMPLIED WARRANTY OF MERCHANTIBILITY

47.    Plaintiffs incorporate by reference all of the foregoing paragraphs as though set forth at length herein.

48.    Defendant is a merchant as he deals in goods of firearms and holds himself out as having knowledge and skill in the same.

49.    Therefore, Defendant is required to sell goods fit for the purpose in which the customer is purchasing the good for.

50.    In this case, the purpose was to purchase authentic, non-replica firearms to add to a collection of authentic, non-replica firearms.

51.    The firearms sold to the Martins do not fit that purpose.

52.    Specifically, as further explained infra, many of the firearms were not authentic and were instead replicas.

53.    Therefore, Defendant has breached the implied warranty of merchantability.

WHEREFORE, Plaintiff Patricia Martin, respectfully requests that this Honorable Court enter judgment in an amount to be determined at trial, plus costs of suit, interest, and any other relief this Court deems appropriate.

## COUNT VI – NEGLIGENT MISREPRESENTATION (IN THE ALTERNATIVE)

54.    Plaintiffs incorporate by reference all of the foregoing paragraphs as though set forth at length herein.

55.    The representations made by White were material to the transactions of the purchase of the firearms by the Martins.

9827855.1

56.    The misrepresentations were made by White under circumstances in which he ought to have known their falsity.

57.    The misrepresentations made by White were made with the intent to induce Martin to purchase the firearms.

58.    As a direct and proximate result of the misrepresentations made by White, the Martins have suffered damages in an amount in excess of $500,000.00 for paying for firearms which weren't of the quality, condition, authenticity, or value as represented.

WHEREFORE, Plaintiff Patricia Martin, respectfully requests that this Honorable Court enter judgment in an amount to be determined at trial, plus costs of suit, interest, and any other relief this Court deems appropriate.

**BARLEY SNYDER LLP**

By: _____

Justin Tomevi, Esquire (313661)
jtomevi@barley.com
Katelyn Rohrbaugh, Esquire (329304)
krohrbaugh@barley.com
100 East Market Street
York, PA 17401
717-846-8888
Fax: 717-843-8492
Attorneys for Plaintiffs

9827855.1